Robert E. Heath, Esq. Attorney for Town of Kendall
We acknowledge receipt of your letter as attorney for the Town of Kendall stating that a town councilman in your town whose term of office will expire on December 31, 1981 ran successfully in the election in 1979 for the office of Orleans County Legislator.
You ask whether the town councilman who was elected to the office of county legislator may hold both offices simultaneously and if not, you inquire when the office of councilman will become vacant; how the vacancy in the office will be filled; the term the appointee will serve; and if the appointee's term does not continue to the expiration date of the present councilman's term, what term will be served by the elected successor to the appointed councilman.
County Law § 411 prohibits an individual from simultaneously holding an elective county and elective town office. Municipal Home Rule Law § 10, subd. 1 par. (ii) subpar. a, clause 13 subclause (b) allows a county to supersede this provision by local law but your county has not done so. Because of this statutory incompatibility the town office will become vacant if and when the town councilman enters upon the duties of county legislator, which will occur when he files the oath of office required by the New York Constitution Article XIII § 3, Public Officers Law § 10, County Law § 402 and Town Law §25.
Although the councilman could submit a resignation effective immediately or at any time within 30 days of the submission, under Public Officers Law § 31 subd. 2, this is not necessary. At the time of the resignation or at the time his oath of office as county legislator is filed, the vacancy will exist and the town board fills the vacancy by appointment under the provisions of Town Law § 64 subd. 5. The councilman obviously cannot vote upon the resolution appointing his successor as he will no longer be a councilman at the time such a resolution is authorized.
The appointment of a councilman to fill the vacancy will be effective immediately upon the filing of the oath of office of the appointee and the term of office of the appointee will end on December 31, 1980 under the provisions of Town Law § 64 subd. 5 so a successor must be elected at the general election in 1980 to serve the remaining portion of the term, which will be for one year, only.
A town and a volunteer ambulance corporation may enter into a contract by which the corporation will provide its services exclusively for the geographic area of the town unless this violates a provision in the ambulance service's certificate of incorporation.
Dated: December 17, 1979
Hon. Benjamin A. Russell Attorney for the Town of Constantia
We acknowledge receipt of your letter inquiring whether:
 "In contracting with a Not-For-Profit Volunteer Ambulance Corporation for ambulance services within the Town may the Town as part of one of the terms of the contract restrict the ambulance company, except on mutual aid calls, to servicing the geographical area of the Town or prohibit the ambulance company under the terms of the contract from responding to calls in adjoining municipalities which are not by contract assisting with the funding of that ambulance company's financial needs?"
We find nothing in the statutes which would either require or prohibit such a provision and unless the certificate of incorporation would prevent the volunteer ambulance corporation from entering into such a restrictive contract, it is our opinion that such terms may be inserted in the agreement. However, if the volunteer ambulance corporation will not agree to this, then some different provisions would have to be made.
A voluntary ambulance association which by contract provides ambulance service in a town is not exempt from the provisions of town zoning ordinance.
Dated: December 26, 1979
William L. Fox, Esq. Deputy Town Attorney, Rensselaer
We acknowledge receipt of your letter asking whether your town zoning ordinance applies to a voluntary ambulance association if that association has a contract with your town to provide ambulance services in the town; the association also provides those services elsewhere but to a lesser extent.
Even if the voluntary ambulance association is a not-for-profit corporation, it stands on the same footing as would a business corporation providing commercial ambulance services in the town; there is no legal justification to assert that merely because a private organization has contract dealings with a municipality, the contracting organization is exempt from the municipality's zoning ordinance. In our opinion, a contractual relationship between a town and a voluntary ambulance association does not exempt the association from the necessity of conforming to the town's zoning ordinance.